THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY OF LOCKPORT, Respondent, v. THE BOARD OF SUPERVISORS OF NIAGARA COUNTY, Appellant.

*Statute authorizing supervisors to raise money to pay a local assessment against county property — held to be mandatory.*

This proceeding, by peremptory *mandamus*, was taken to enforce the provisions of chapter 368 of the Laws of 1886, which provides that "the Board of Supervisors of the County of Niagara are hereby authorized by a majority vote of said board to raise by general tax on the taxable property of said county, at the same time and in like manner with the other county taxes raised therein, the sum of one thousand one hundred and fifty-six dollars, to be paid to the city treasurer of the city of Lockport for that amount of returned tax on local assessment number two hundred and seventy-two, for the construction of Niagara street water-pipe in the city of Lockport."

It appeared that, prior to the passage of said act, the city of Lockport had passed an ordinance for the extension of the water-pipe in Niagara street, the expense of which was to be a charge upon the property benefited by the improvement; that the work was done by the city, and a portion of the expense of the improvement was assessed against the property of the county of Niagara, which assessment the board of supervisors refused to pay.

*Held*, that the act of 1886, being passed to enable defendant to perform a public duty in the discharge of a just claim, was, upon well-settled principles, entitled to such consideration as would give mandatory import to the words used, and that it imposed upon the defendant the duty of exercising the power thus given.

That such construction was not affected by the fact that the act authorized the action of the board of supervisors to be taken "by a majority vote of said board."

Appeal from an order of the Erie Special Term, directing that a peremptory *mandamus* issue requiring the defendant to raise by tax, upon the property of the county, the sum of $1,156, to be paid to

the relator. The proceeding was taken under chapter 368 of Laws of 1886, entitled "An act to authorize the Board of Supervisors of the County of Niagara to raise by tax, and pay money to the city treasurer of the city of Lockport, to reimburse the city of Lockport for money paid for laying the Niagara street water-pipe," and which provides that "the Board of Supervisors of the County of Niagara are hereby authorized, by a majority vote of said board, to raise by general tax, on the taxable property of said county, at the same time and in like manner with the other county taxes raised therein, the sum of one thousand one hundred and fifty-six dollars, to be paid to the city treasurer of the city of Lockport, for that amount of returned tax on local assessment number two hundred and seventy-two, for the construction of Niagara street water-pipe in the city of Lockport.

*E. M. & F. M. Ashley,* for the appellant.

*John T. Murray,* for the respondent.

Bradley, J.:

The determination of the question presented depends upon the construction and effect given to the provisions of chapter 368, Laws of 1886. By that act power was given to the defendant to raise, by tax, to be paid to the city of Lockport, the sum specified for the purposes therein mentioned. If the provision in terms authorizing the action of the defendant was mandatory in legal effect, and imposed upon the board of supervisors the duty to raise by tax the sum mentioned in the act, the order appealed from was properly made. Otherwise, if the power conferred was discretionary in character.

The legislative intent may be sought for in the inducement to the passage of the act and its apparent purpose. Upon that subject it appears that, in 1872, the city of Lockport passed an ordinance for the extension of the water-pipe or main along Niagara street, the expense of which was to be charged upon the property benefited by the improvement; that the work was done by the city, and of the expense of the improvement there was assessed against the property of the county, on which were the county buildings, a sum which, on May 11,

1874, amounted to $1,156. The board of supervisors refused to levy the tax for the payment of the claim to the city. Upon the relation of the latter an alternative *mandamus* was issued, and the trial of the issues presented in that proceeding resulted in a judgment for the defendant. But that decision seems to have been made upon the ground of irregularity or defect in the proceedings of the common council to provide for making the improvement. After that determination the judgment was treated by the board as in the way of further action on the claim of the city. And, in January, 1886, the defendant adopted a resolution containing a provision that a bill be prepared for passage by the legislature, enabling the board of supervisors to credit and allow to the city of Lockport, as full settlement of its claims, the sum before mentioned. And in May following the act in question was passed. The board afterwards declining to include this claim in the tax levy, this proceeding was taken by the city.

The assessment against the county property seems to have been its proportion of the expense of an improvement actually made by the city, and no reason appears why the county was not properly chargeable with such assessment, except as it was relieved from legal liability by some defect in the proceedings taken by the common council of the city preliminarily to the work. This defect was of a character which might be waived by parties benefited, and cured by legislation. It, therefore, seems to have been just and equitable that the county should pay the amount of its assessment to the city. And when the act was passed authorizing the payment to be made through the levy of a tax for the purpose, there remained nothing in the way to its being in that manner done. The act being passed to enable the defendant to perform a public duty in discharge of a just claim, is, upon well settled principles, entitled to such construction as will give mandatory import to the words used, and impose upon the defendant the duty to exercise the power thus given. (*People ex rel. Otsego County Bank* v. *Board of Supervisors of Otsego County*, 51 N. Y., 401; *People ex rel. Conway* v. *Board of Supervisors of Livingston County*, 68 id., 114.) It is contended, on the part of the defendant, that the words " by a majority vote of said board " in the act fairly indicate and require the conclusion that it was passed merely to remove the disability and to

enable the defendant, when a majority so voted, to make the levy; and that such result was dependent upon the voluntary action of such majority. It is not entirely clear what was the purpose of the insertion of those words in the act. They are an expression of the ordinary methods of proceedings and of producing results of the action of such bodies. By emphasizing the use of those words in the act and applying to them their literal import, there might be some difficulty in supporting the position of the relator. But the considerations bearing upon the purpose of the statute indicated by its title and general provisions, as well as the circumstances leading to its passage, of which the legislature are presumed to have been fully advised, are such as to require for it the construction which renders its terms mandatory, and the power conferred by it a duty imposed upon the defendant.

The order should be affirmed

BARKER, P. J., HAIGHT and DWIGHT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.